IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                          **Case No. 2:22-cr-222(3)**
                                                **JUDGE EDMUND A. SARGUS, JR.**

**TEDDY ASEFA,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant Teddy Asefa's Motion to Withdraw Plea of Guilty (ECF No. 370); and (2) Mr. Asefa's request to withdraw from his Plea Agreement (*See* ECF No. 361 (Minute Entry)). The Government opposes both requests. (ECF Nos. 369, 372.) For the reasons stated below, Mr. Asefa's Motion to Withdraw Plea of Guilty (ECF No. 370) and Mr. Asefa's request to withdraw from the Plea Agreement (*See* ECF No. 361 (Minute Entry)) are both **DENIED**, and the signed Plea Agreement (ECF No. 228) is **ACCEPTED**.

## BACKGROUND

Mr. Asefa is charged with participating in two conspiracies in this case. (ECF No. 97.) First, Mr. Asefa is accused of engaging in a conspiracy to illegally traffic controlled substances as a member of a criminal organization known as the Third World Mob. (*See id.*, Counts 1–5.) Second, Mr. Asefa is accused of conspiring to defraud the Pandemic Unemployment Assistance program by falsely applying for, and receiving, financial assistance during the COVID-19 pandemic. (*See id.*, Count 9.) The Government argues that both conspiracies are part of the same overarching conspiracy to illegally traffic narcotics. (*See* ECF No. 192.)

On December 6, 2023, a federal grand jury returned a Second Superseding Indictment

against Mr. Asefa. (ECF No. 97.) Count One charges Mr. Asefa with conspiracy to distribute controlled substances in violation of 18 U.S.C. § 846. (*Id.*, PageID 404–11.) Count Two charges Mr. Asefa with possessing a firearm in furtherance of a drug trafficking crime (in Count One) in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.*, PageID 411.) Count Three charges Mr. Asefa with possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). (*Id.*) Count Four charges Mr. Asefa with possessing a firearm in furtherance of a drug trafficking crime (in Count Three) in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.*, PageID 412.) Count Five charges Mr. Asefa as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.*) Count Seven charges Mr. Asefa with obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). (*Id.*, PageID 413.) Count Nine charges Mr. Asefa with wire fraud in violation of 18 U.S.C. § 1343. (*Id.*, PageID 418–19.)

On August 1, 2024, Mr. Asefa entered into a Plea Agreement with the Government under Federal Rule of Criminal Procedure 11(c)(1)(C) and agreed to plead guilty to Counts One and Nine of the Second Superseding Indictment. (ECF No. 228, PageID 1408.) The Plea Agreement set forth an agreed-upon sentencing range of between 144 and 240 months of incarceration. (*Id.*, PageID 1410.) In exchange for his agreement to plead guilty, the Government "agree[d] to the dismissal of any remaining counts of the Second Superseding Indictment against the Defendant at the entry of final judgment." (*Id.*, PageID 1412–13.)

Pursuant to the Plea Agreement, Mr. Asefa was brought before this Court on August 2, 2024, to change his plea to Counts One and Nine from not guilty to guilty. (*See* Change of Plea Hearing, ECF No. 231 (Minute Entry).) After proceeding through this Court's rigorous Rule 11 colloquy with Mr. Asefa, the Court accepted Mr. Asefa's guilty plea on Counts One and Nine. (*See id.*) However, the Court deferred consideration of the Plea Agreement until sentencing. (*See*

2

*id.*); *United States v. Hyde*, 520 U.S. 670, 674 (1997) (holding that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time").

On September 23, 2025, this matter was set for sentencing. (ECF No. 357.) Sentencing did not occur, however, because Mr. Asefa expressed a desire to withdraw from the Plea Agreement at the hearing. (*See* ECF No. 361 (Minute Entry).) Mr. Asefa also indicated that he may want to withdraw his guilty plea altogether, but he did not affirmatively move to do so at that time. (*See id.*) So, this Court continued the sentencing hearing and ordered the parties to "file simultaneous memoranda . . . addressing whether Mr. Asefa can withdraw from the Plea Agreement under Rule 11(c)(1)(C), after the Court accepted his guilty plea." (ECF No. 363, PageID 4453.)

Following the September 23, 2025 Hearing, Mr. Zachary Swisher—who represented Mr. Asefa throughout the plea process—sought to withdraw as counsel because Mr. Asefa intended to raise ineffective assistance of counsel as part of his argument in support of withdrawing from the Plea Agreement and/or his guilty plea. (ECF No. 365.) This Court granted Mr. Swisher's request (ECF No. 368), and Mr. John Kevin West was appointed to represent Mr. Asefa. Mr. West has represented Mr. Asefa throughout the course of arguing the issues currently before this Court. (*See* ECF Nos. 370, 371.)

Pursuant to this Court's September 24, 2025 Order (ECF No. 363), the Government filed a memorandum arguing that Mr. Asefa cannot withdraw from the Plea Agreement. (ECF No. 369.) Anticipating that Mr. Asefa may also move to withdraw his guilty plea altogether, the Government further argued why this Court should not allow Mr. Asefa to do so. (*Id.*) Shortly after the Government filed its opening brief, Mr. Asefa did in fact file a Motion to Withdraw Plea of Guilty. (ECF No. 370.)

The Court will now address in turn: (1) Mr. Asefa's Motion to Withdraw Plea of Guilty

3

(ECF No. 370); and (2) Mr. Asefa's request to withdraw from his Plea Agreement (*See* ECF No. 361 (Minute Entry)).

## LAW AND ANALYSIS

### I. Mr. Asefa's Motion to Withdraw Plea of Guilty

Federal Rule of Criminal Procedure 11(d) governs the standard for withdrawal of a guilty plea. As applicable to this case, the Rule states that a defendant may withdraw his guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

Rule 11(d)(2)(B) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation modified). The defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the sound discretion of the Court. *Id.* at 1003–04.

Courts within the Sixth Circuit consider various factors to determine whether, under the totality of circumstances, a defendant has shown a "fair and just reason" to withdraw his guilty plea under Rule 11(d)(2)(B):

- (1) the amount of time that elapsed between the plea and the motion to withdraw it;
- (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
- (3) whether the defendant has asserted or maintained his innocence;
- (4) the circumstances underlying the entry of the guilty plea;
- (5) the defendant's nature and background;

(6) the degree to which the defendant has had prior experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by guidelines amendment on other grounds*, USSG § 3B1.1.

These seven factors are "a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). If a district court determines from the first six factors that a defendant has not established a "fair and just reason" for withdrawal of his plea, the court need not address any potential prejudice to the government. *Alexander*, 948 F.2d at 1004.

As detailed below, an examination of the *Bashara* factors reveals that Mr. Asefa cannot offer a fair and just reason for requesting withdrawal.

### A. Time Elapsed Between the Plea and the Motion to Withdraw

Mr. Asefa entered his guilty plea on August 2, 2024. (Change of Plea Hearing, ECF No. 231 (Minute Entry).) It was not until the September 23, 2025 Hearing that Mr. Asefa first expressed to this Court a desire to withdraw his guilty plea. (ECF No. 361 (Minute Entry).) Thus, 417 days elapsed between his guilty plea and his first request to withdraw the plea.

Courts have properly denied withdrawal motions on far shorter delays. *See, e.g.*, *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citation modified) (finding a 30-day delay to be "at the boundary line between what is acceptable and what is not"); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (holding that an "unjustified 75–day delay, alone, supported the court's denial"); *United States v. Durham*, 178 F.3d 796, 798–99 (6th Cir. 1999) ("The strongest

5

factor supporting the district court's denial of Durham's motion is the length of time between Durham's plea and the filing of his motion to withdraw. Durham waited approximately seventy-seven days to file his motion after entering his guilty plea.")

Though Mr. Asefa offers arguments to justify the delay in connection with this factor (ECF No. 370, PageID 4553; ECF No. 371, PageID 4557–58), those arguments are relevant to the second factor—the presence or absence of a valid reason for failing to move earlier—rather than the mere lapse of time. Thus, the first *Bashara* factor weighs against permitting Mr. Asefa to withdraw his guilty plea.

### B. Reason for Failing to Move to Withdraw Earlier

Mr. Asefa contends that three reasons justify the 417-day delay, all of which stem from his receipt and review of his presentence investigation report: (1) he did not realize that enhancements could be applied in calculating his sentencing guidelines until he received the report; (2) the report contains references to methamphetamine and cocaine that he was not previously aware of; and (3) he communicated his desire to withdraw his plea to his prior counsel shortly after receiving the report,[1] but his counsel dissuaded him from filing a motion, and Mr. Asefa did not know he could communicate his desire to withdraw to the Court without counsel. (ECF No. 370, PageID 4553–54; ECF No. 371, PageID 4558.) Additionally, Mr. Asefa attacks the validity of his plea in connection with this factor by arguing that he did not have the ability to "understand the

---

[1] In his reply to the Government, Mr. Asefa states for the first time that he expressed "his desire to withdraw his plea to his prior counsel *shortly after entering his plea*." (ECF No. 371, PageID 4558 (emphasis added).) However, Mr. Asefa otherwise indicates that he first expressed "his desire to withdraw his plea to his prior counsel *shortly after receiving his presentence investigation report*" (ECF No. 370, PageID 4553 (emphasis added)), and any alleged earlier expression is unsupported by the record. Thus, the Court construes Mr. Asefa's statement to mean that he informed his prior counsel of his desire to withdraw only after receiving the presentence investigation report, which was transmitted to Mr. Asefa on June 10, 2025—over ten months after he entered his guilty plea. (*See* ECF No. 320.)

6

consequences of his plea" because: (1) he was taking mental health medication and suffering from mental health issues; and (2) he did not have access to legal research. (ECF No. 370, PageID 4554.) The Government counters that Mr. Asefa's delay is an "improper strategic" move that cannot support withdrawal. (ECF No. 372, PageID 4563.) For the reasons that follow, the Court agrees with the Government.

*1. Mr. Asefa's Reasoning for Delay*

Before addressing Mr. Asefa's proffered reasons for the delay, the Court recognizes that a defendant's reasoning "will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citation modified). Because Mr. Asefa waited nearly 14 months after pleading guilty before moving to withdraw that plea, this Court will closely scrutinize his alleged justifications for the delay.

All of the reasons that Mr. Asefa offers as justifications for the delay begin with Mr. Asefa changing his mind about pleading guilty after seeing the presentence investigation report. (*See* ECF No. 370, PageID 4553–54; ECF No. 371, PageID 4558.) The Sixth Circuit has explicitly found that "[d]efendants are not permitted to plead guilty and then use their PSR to their advantage in seeking to withdraw a guilty plea." *United States v. Dalalli*, 651 F. App'x 389, 401 (6th Cir. 2016); *see also United States v. Poole*, 2 F. App'x 433, 438 (6th Cir. 2001) (finding that a defendant's "potential review of presentence reports" weighs against a motion to withdraw). By Mr. Asefa's own admission in connection with all of these alleged reasons, that is exactly what is he attempting to do here. Such conduct "represents the kind of improper tactical decision that does not permit a withdrawal." *See United States v. Crowe*, No. 22-6046, 2023 WL 4586154, at *5 (6th Cir. July 18, 2023) (citation modified). Consequently, the Court finds that Mr. Asefa has failed to establish a valid reason for the delay.

7

*2. Validity of Mr. Asefa's Guilty Plea*

By asserting that he did not have the ability to "understand the consequences of his plea" at the time he entered it (ECF No. 370, PageID 4554.), Mr. Asefa is also arguing that his plea is invalid here. "A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Catchings*, 708 F.3d 710, 716 (6th Cir. 2013) (citing *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007)); *see also* Fed. R. Crim. P. 11.

The Court is satisfied that Mr. Asefa's plea was knowing, voluntary, and intelligent. In accordance with Rule 11, the Court verified that Mr. Asefa's plea was voluntary and that Mr. Asefa understood his applicable constitutional rights, the nature of the crimes charged, the consequences of his guilty plea, and the factual basis for concluding that he committed the crimes charged. (*See* Change of Plea Hearing, ECF No. 231 (Minute Entry).) Additionally, the Court verified that Mr. Asefa was not impaired by any medication or substances that would affect his ability to understand the nature and consequences of his plea. (*See id.*) Mr. Asefa also independently confirmed the foregoing in the Plea Agreement. (ECF No. 228, PageID 1413–14.) The Court therefore finds that Mr. Asefa's guilty plea is valid, and Mr. Asefa's arguments to the contrary do not support his Motion to Withdraw. *See United States v. Watkins*, 815 F. App'x 22, 25 (6th Cir. 2020) (citation modified) ("Absent extraordinary circumstances, when the Rule 11 procedures are fully adequate, we hold a defendant pleading guilty to the statements he makes at his plea hearing.").

For the reasons set forth above, the second *Bashara* factor weighs against Mr. Asefa's Motion to Withdraw.

### C. Assertion or Maintenance of Innocence

With respect to this factor, Mr. Asefa states that he is "prepared to represent to the Court that he did not understand the nature of the charges to which he entered a plea and that he is not

guilty of the offenses charged in the superseding indictment." (ECF No. 370, PageID 4554.) However, the Government correctly points out that Mr. Asefa has not proclaimed his innocence until now. (*See* ECF No. 369, PageID 4547.) To the contrary, Mr. Asefa admitted before this Court under oath that he was in fact guilty of the conduct as alleged in Counts One and Nine of the Second Superseding Indictment. (*See* Change of Plea Hearing, ECF No. 231 (Minute Entry).)

The Sixth Circuit has noted that "the absence of a defendant's vigorous and repeated protestations of innocence supports the denial of a motion to withdraw a guilty plea." *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011) (citation modified). Moreover, courts within the Sixth Circuit should hold a defendant to the statements he makes at his plea hearing "[a]bsent extraordinary circumstances." *Watkins*, 815 F. App'x at 25.

Mr. Asefa made his first protestation of innocence in his Motion to Withdraw—over a year after he pleaded guilty—and any extraordinary circumstances that would warrant setting aside Mr. Asefa's admission of guilt under oath are lacking in the record. Thus, this factor also weighs against Mr. Asefa.

### D. Circumstances Underlying the Plea

Mr. Asefa argues that he didn't understand the nature and consequences of his plea because he entered it shortly before trial. (ECF No. 370, PageID 4554; ECF No. 371, PageID 4558–59.) However, this contention contradicts Mr. Asefa's statements, offered to this Court under oath, establishing that he pleaded guilty knowingly, voluntarily, and intelligently. (*See* Change of Plea Hearing, ECF No. 231 (Minute Entry).)

The Sixth Circuit holds that a "defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Owens*, 215 F. App'x 498,

9

502 (6th Cir. 2007) (citation modified).

Here, there is no question that the Court conducted a thorough Rule 11 colloquy, during which Mr. Asefa repeatedly acknowledged that he was pleading guilty of his own free will with a full understanding of his rights and the consequences of his plea. (*See* Change of Plea Hearing, ECF No. 231 (Minute Entry).) The Court is not persuaded that the close proximity between his plea and trial date is a "believable, valid reason" that justifies setting those acknowledgements aside. *See Owens*, 215 F. App'x at 502. Defendants routinely enter into plea agreements with the Government on the eve of trial, yet the Court—as it did here—can still verify that a defendant's plea is knowing, voluntary, and intelligent by scrupulously following the Rule 11 procedure. As a result, the Court find that Mr. Asefa's guilty plea is valid and that he did understand the nature and consequences of his guilty plea when he entered it. Further support for the Court's finding on this factor is provided above in Section I(B)(2) concerning the validity of Mr. Asefa's guilty plea.

Therefore, the fourth *Bashara* factor weighs against allowing withdrawal in this case.

### E. Mr. Asefa's Nature and Background

Mr. Asefa claims that his nature and background support his Motion to Withdraw because: (1) he only has a middle school education; and (2) he could not understand the consequences of his Plea Agreement. (ECF No. 370, PageID 4554–55; ECF No. 371, PageID 4559.) The Court has already disposed of Mr. Asefa's second claim (*See* Sections I(B)(2), I(D)), and his first claim is not supported by the record because Mr. Asefa has obtained his General Equivalency Diploma (GED). (ECF No. 320, PageID 3929.) Regardless of his level of education, Mr. Asefa has admitted to significant involvement in a complex drug trafficking operation spanning several years (*See* ECF No. 228, PageID 1415–17), evincing that he is sophisticated enough to evade law enforcement while engaging in a criminal enterprise.

10

A defendant's nature and background weighs against his motion to withdraw where "the record indicates that [the defendant] understood what he was doing when he entered the guilty plea." *Ellis*, 470 F.3d at 285.

In consideration of the relevant facts set forth above, the Court finds that the record reflects that Mr. Asefa fully understood what he was doing when he entered his guilty plea. As a result, this factor also supports denying Mr. Asefa's Motion to Withdraw.

### F.  Mr. Asefa's Prior Experience with the Criminal Justice System

The instant case is not Mr. Asefa's first interaction with the criminal justice system, nor is it his first conviction. (*See* ECF No. 320, PageID 3915–23.) In fact, Mr. Asefa has considerable experience with the criminal justice system. (*See id.*) Yet, Mr. Asefa contends that this factor weighs in his favor because all of his prior convictions were in *state* court. (ECF No. 370, PageID 4555.) The Sixth Circuit has previously rejected this argument. *United States v. Blander*, 713 F. App'x 431, 438 (6th Cir. 2017) (finding that a district court properly concluded the sixth *Bashara* factor weighed against granting a defendant's motion to withdraw where he only had prior experience with the state criminal justice system). This Court, too, is unpersuaded. This factor weighs against Mr. Asefa.

### G.  Potential Prejudice to the Government

"The government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Benton*, 639 F.3d at 729 (citation modified). When "all preceding factors weigh against [the defendant], the government is not required to show that it would be prejudiced by withdrawal of the plea." *Id.*

Because the Court has determined that each of the first six *Bashara* factors weighs against

11

allowing withdrawal, the Court need not consider whether granting Mr. Asefa's motion would prejudice the Government. However, that is not to suggest that the Court has concluded that granting Mr. Asefa's motion would *not* prejudice the government—it certainly could. Rather, the point is simply that, because the other *Bashara* factors weigh against Mr. Asefa, he failed to establish a fair and just reason for allowing the withdrawal regardless of any potential prejudice to the Government. Thus, the Court need not—and does not—analyze this factor.

Because Mr. Asefa has failed to provide a fair and just reason for requesting the withdrawal, Mr. Asefa's Motion to Withdraw Plea of Guilty (ECF No. 370) is **DENIED**.

## II. Mr. Asefa's Request to Withdraw from the Plea Agreement

When a district court is presented with a Rule 11(c)(1)(C) plea agreement, the court has three options: it "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). In deciding whether to accept or reject a plea agreement, "a district court must rationally construct a decision based on all relevant factors." *United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018) (citation modified). If a court rejects a plea agreement, the court must give the defendant an opportunity to withdraw their guilty plea. Fed. R. Crim. P. 11(d)(2)(A); *see also* Fed. R. Crim. P. 11(c)(5)(B). In seeking to withdraw from his Plea Agreement (ECF No. 228), Mr. Asefa is asking this Court to reject the Plea Agreement.

District courts have broad discretion in deciding whether to reject a plea agreement. *United States v. Moore*, 916 F.2d 1131, 1135 (6th Cir. 1990). However, "that discretion has limits—if a district court rejects a plea agreement, it must explain why." *United States v. Sabit*, 797 F. App'x 218, 221 (6th Cir. 2019). And the district court's explanation must be a "sound" one. *Moore*, 916 F.2d at 1135–36 (holding that a district court must "articulate a sound reason for rejecting" a plea

12

agreement). In other words, a court "may not act arbitrarily, invidiously, or pursuant to a categorical policy," and the court's reasoning for rejecting the plea agreement must be "case-specific." *In Re United States*, 32 F.4th 584, 594–95 (6th Cir. 2022) (citation modified).

Though this is a case-specific analysis, the Sixth Circuit has recognized the following as "sound" reasons for rejecting a plea agreement: (1) the agreement does not adequately reflect the seriousness of the offense; (2) the agreement unduly cabins the judge's sentencing discretion; or (3) the agreement is contrary to the sound administration of justice. *Id.* Generalized policy grounds and findings that are "clearly not in accord with the facts of the case," on the other hand, do not justify rejection of a plea agreement. *Id.* at 595.

In this case, the record does not support any sound reason for rejecting the Agreement. The Government correctly points out that rejecting the Plea Agreement would enable Mr. Asefa to make "an end-run around the normal guilty-plea withdrawal analysis" under *Bashara* because a defendant must be given an opportunity to withdraw his or her plea when a court rejects his or her plea agreement. (ECF No. 369, PageID 4546); Fed. R. Crim. P. 11(c)(5)(B). As this Court explained in Section I, Mr. Asefa cannot meet his burden to show that withdrawal of his guilty plea is warranted under *Bashara*. The same facts and circumstances relevant to Mr. Asefa's Motion to Withdraw are at issue here. Because Mr. Asefa failed to identify a "fair and just reason" to withdraw his plea under those facts and circumstances, the Court must find that there is no "sound reason" to reject the Plea Agreement. In fact, rejecting the Agreement here would be contrary to the sound administration of justice because it would allow Mr. Asefa to bypass a burden of proof he cannot meet, yet obtain the same relief that requires a defendant to satisfy that burden: an opportunity to withdraw his guilty plea. This Court will not permit Mr. Asefa to prevail through such improper procedural tactics.

Moreover, the Court finds that the Plea Agreement was the result of an arms-length negotiation between well-qualified attorneys and proposes a favorable outcome for both parties. Mr. Asefa claims that the ineffective assistance of his prior counsel, Mr. Zachary Swisher, led him to sign the Plea Agreement, which he now believes was not in his best interest. (*See* ECF No. 370.) That claim, however, is entirely unsubstantiated. This Court's perception is that Mr. Swisher represented Mr. Asefa's best interests competently and effectively throughout his involvement in this case. Indeed, the Plea Agreement itself is evidence that Mr. Swisher had Mr. Asefa's best interests in mind. Under the Agreement, the highest possible sentence Mr. Asefa faces is 20 years. (ECF No. 228, PageID 1410.) Without the Agreement, Mr. Asefa would be facing life in prison. (ECF No. 320, PageID 3930.) Clearly, Mr. Swisher worked diligently to obtain an advantageous outcome for Mr. Asefa in the form of the Plea Agreement. Overriding that outcome for no reason other than because Mr. Asefa asked this Court to would be far from a sound exercise of judicial discretion.

Thus, the Court **DENIES** Mr. Asefa's request to withdraw from the Plea Agreement (*See* ECF No. 361 (Minute Entry)) and, therefore, **ACCEPTS** the Plea Agreement (ECF No. 228).

## CONCLUSION

For the above reasons, Mr. Asefa's Motion to Withdraw Plea of Guilty (ECF No. 370) and Mr. Asefa's request to withdraw from the Plea Agreement (*See* ECF No. 361 (Minute Entry)) are both **DENIED**, and the signed Plea Agreement (ECF No. 228) is **ACCEPTED**. Notice of the date of Mr. Asefa's sentencing hearing is forthcoming.

**IT IS SO ORDERED.**

**11/25/2025**　　　　　　　　　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　　　　　　　　　　　EDMUND A. SARGUS, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE