UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
COLUMBUS

CRIMINAL ACTION NO. 2:22-cr-222-EAS-003

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

TEDDY ASEFA                                                           DEFENDANT

### DEFENDANT TEDDY ASEFA'S SUPPLEMENTAL SENTENCING MEMORANDUM

\* \* \* \* \*

Comes the Defendant Teddy Asefa ("Asefa"), by counsel and submits the following Supplemental Sentencing Memorandum. Asefa adopts and incorporates by reference his previously filed Sentencing Memorandum filed under seal on September 2, 2025.

### OBJECTIONS TO THE PRESENTENCE REPORT

1. Asefa objects to ¶¶ 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 57, and 58 in the Presentence Report ("PSR") because these paragraphs contain information that (1) is factually inaccurate, (2) is not sufficiently similar to constitute relevant conduct pursuant to United States Sentencing Guideline ("USSG") §1B1.3 and/or (3) describe information represented as fact when it was not contained in Asefa's factual statement attached to his Plea Agreement, was not presented at the trial of his co-defendants, is not true and/or cannot be proved by the United States by a preponderance of the evidence. More specifically, Asefa objects as follows:

27684829

Asefa objects to ¶ 30 of the PSR, in that no drugs, contraband or money was ever found at any location owned or rented by Teddy Asefa, specifically the Town Center and Neilson locations.

Asefa objects to ¶ 32 of the PSR because Asefa was never found to be in possession of a weapon and the information contained in ¶ 32 detail the actions of Andemarian, and not Asefa. Asefa further objects to this paragraph because it refers to unknown people that Asefa is alleged to have threatened or intimated.

Asefa objects to ¶ 33 of the PSR because the referenced victim was alleged to be a member of the Third World Mob and Asefa is not alleged to have any involvement.

Asefa objects to ¶¶ 34, 35, 36, 37 and 38 of the PSR because there is no information relevant to Asefa in these paragraphs.

Asefa objects to ¶ 39 of the PSR because there is no credible evidence to support the factual assertions in that paragraph.

Asefa objects to ¶ 40 of the PSR because there are no factual assertions in that paragraph directed at him.

Asefa objects to the allegation in ¶ 45 that he was present at Taliesin Place.

Asefa objects to the assertion in ¶ 46 of the PSR because it asserts that the case agent was assuming or guessing that the 35-pound package was consistent with the weight of a shipment of marijuana.

Asefa objects to ¶¶ 45-47 of the PSR because they describe activities that occurred when Asefa was either out of the country or incarcerated.

Asefa objects to ¶ 49 of the PSR because the money found was not linked to drug trafficking, was not found to be drug trafficking proceeds and Thomas Asefa was found not guilty by a jury of any involvement.

Asefa objects to ¶¶ 51 through 54 of the PSR because they do not provide specific information about him.

Asefa objects to the assertion in ¶ 57 of the PSR that he was determined to be a leader of 3WM.

Asefa objects to ¶ 58 of the PSR because there have been no facts presented that anything was seized from Asefa. Additionally, the defendant asserts that for several months of the date range for the conspiracy he was in jail and/or out of the country and this information is not included.

2. At a sentencing hearing, "[t]he Constitution places the burden of proof and production of evidence squarely upon the shoulders of the government." *United States v. Leachman*, 309 F.3d 377, 386 (6th Cir. 2002). The "government bears the burden of proof with regard to the various penalties it seeks to have imposed under the sentencing guidelines." *United States v. Cowart,* 90 F.3d 154, 159 (6th Cir.1996). When considering whether conduct is sufficiently similar to be considered relevant conduct, "the conduct should not be considered at a level of generality that would render worthless the relevant conduct analysis." *United States v. Hill,* 79 F.3d 1477, 1483 (6th Cir. 1996). The commentary to USSG 6A1.3 provides that in resolving disputed facts at sentencing "[u]nreliable allegations shall not be considered." "[D]ue process requires that facts used for sentencing must have "'some minimum indicium of reliability beyond mere allegation.'" *United States v. Smith,* 887 F.2d 104, 108 (6th Cir.1989) (quoting section 1B1.3(a)(1) of USSG).

The base offense level for a drug crime "depends upon the amount of drugs involved in the offense," which must be proven "by a preponderance of the evidence." *United States v. McReynolds*, 964 F.3d at 562–63 (6th Cir. 2020). In the conspiracy context, this "presents a unique set of circumstances" because "the scope of the defendant's jointly undertaken activity is not necessarily the same as the scope of the entire conspiracy." *Id.* at 563. To account for this, a single conspirator is only responsible for the quantity of drugs "within the scope of [his] agreement" and "foreseeable to [him]." *Id.* at 563.

3. Asefa objects to the offense level calculated pursuant to U.S.S.G. § 2D1.1 in ¶ 68 of the PSR. Under Asefa's Plea Agreement, he pled guilty to Conspiracy to Distribute Over 1,000 Kilograms of Marijuana. The offense level calculation for over 1,000 kilograms of marijuana is 30. The United States argued during the trial of Asefa's co-defendants that the amount of importance

27684829

to the jury was 1,000 kilograms of marijuana and laid out in detail the events and transactions that amounted to just over 1,000 kilograms of marijuana. Asefa was out of the country or incarcerated at various times covering the dates alleged in the Indictment and Mr. Curry, who testified at trial, was also incarcerated on dates alleged in the Indictment. Asefa entered into an agreement with the government which specifically referenced an amount of over 1,000 kilograms of marijuana. The PSR report used unproven allegations to add more than 20,000 kilograms of marijuana, along with four offense level points, which added roughly 54 months of incarceration to his sentence.

4. Asefa objects to a two-level increase in the offense level, pursuant to U.S.S.G. § 2D1.1(b)(1) as imposed in ¶¶ 69-71 of the PSR. There is no evidence presented that satisfies the required finding that he was in actual or constructive possession of a firearm in order to apply the enhancement. The facts show Asefa was not in actual possession of a firearm and; in fact, another person was in possession of the firearm. Although Asefa was in the vehicle, it was Andemarian who possessed the firearm. The vehicle in which Asefa was a passenger was not his vehicle nor was it registered to him. The same is true of weapons found at 3634 Royal Crescent Drive. Although law enforcement located weapons at the residence, this was not Asefa's residence and at the time law enforcement executed the search warrant and located the firearms, the defendant was not present. The PSR illustrates that Asefa was not in actual possession of a firearm. The facts also show that he was not the owner of the residence at 8178 Chapel Stone and was only found in the residence at the time of the search warrant. Asefa was located in the basement of 8178 Chapel Stone and all weapons recovered were found on the first floor of the residence. Asefa made no statement of ownership or involvement in an enterprise; he was not evasive; he made no gesture implying control of a firearm; and there was no showing of any proof of a motive in the possession of a firearm. There is also no showing that Asefa had any control or dominion over the royal Crescent

27684829

or Chapel Stone locations. These properties were owned or rented by other people and there was no evidence Asefa controlled who accessed either property, resided at either property or who was allowed to enter either property. The required elements to satisfy the two-level enhancement for possession of a firearm, pursuant to U.S.S.G. § 2D1 .1, were not met and the objection should be sustained.

5. Asefa objects to imposition of a two-level increase in his offense level pursuant to U.S.S.G. §2D1.1(b)(2) in ¶¶ 72-73 of the PSR because the United States has not and cannot present proof beyond a preponderance of the evidence that Brandon Moore had a reasonable belief that Asefa caused a threat to his safety.

6. Asefa objects to a two-level enhancement to the offense level for maintaining a premises, pursuant to U.S.S.G. 2D1.1(b)(12) in ¶¶ 75-77 of the PSR. An enhancement, pursuant to U.S.S.G. 2D1.1(b)(12), applies if the defendant knowingly maintained premises for the purpose of manufacturing or distributing a controlled substance. The drug house enhancement applies to anyone who (1) knowingly (2) opens or maintains any place (3) for the purpose of manufacturing or distributing a controlled substance. In order to establish application of the two-level enhancement under USSG §2D1.1(b)(12), the United States must establish that a defendant "(1) knowingly (2) opens or maintains any place (3) for the purpose of manufacturing or distributing a controlled substance." *United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013). As stated by the Sixth Circuit in *United States v. Hernandez*, 721 F. App'x 479, 484 (6th Cir. 2018), "the government must show something more than the act of distribution from the premises" to prove control under this standard (citing *United States v. Clavis*, 956 F.2d 1079, 1090-91 (11th Cir. 1992) (followed by *Russell*, 595 F.3d at 644) ). "Otherwise, the law would punish someone twice for the same act." *Id.* The locations cited in the presentence report are not properties that were owned or rented by

Asefa. These properties were all owned or rented by other individuals and there was no determination who leased the homes or who was responsible for paying the rent or utilities. There were no search warrants executed on any residence of Asefa and there has been no contraband of any kind found in any residence identified as Asefa's. Although the presentence report references locations associated with Teddy Asefa, specifically, Town Center and Nielson, there is no evidence that a search warrant was executed at either location and no contraband was found or recovered from either location. There has been no evidence or showing that Asefa controlled, supervised, maintained continuity or protected the locations as is required to apply this enhancement. There is also no evidence or showing that Asefa controlled who accessed the properties or who resided at those properties. Since there is also no evidence of a possessory interest in any of the properties where contraband was found, the objection to this enhancement should be sustained. The PSR report also referenced a storage facility rented by Asefa's brother. Asefa's brother was found not guilty at trial for any role in the alleged offenses. Additionally, other than an identification card found at the location, there is no evidence of any legal possessory interest Asefa had in the storage unit or any elements present of de facto control.

7. Asefa objects to the two-level enhancement for an aggravating role, pursuant to U.S.S.G. § 2D1.1(b)(16)(E) applied in ¶¶ 78-80 of the PSR. Prior to applying the enhancement of U.S.S.G § 2B1.1(b)(16)(E), the Court must first find the aggravating role in U.S.S.G § 3B1.1 applies which as demonstrated below is not applicable. The PSR alleges that of the $1,019,510 that law enforcement seized from Asefa and his co-conspirators, $137,900.00 was attributed to Asefa. There is no indication of how that number was reached, and Asefa does not agree the attribution is valid, but for purposes of this argument, Asefa will use the numbers found in the presentence report. As part of the argument for enhancement under this section, the PSR alleges that Asefa engaged in criminal activity as a livelihood. In order to qualify for that enhancement, a defendant must exceed

6

27684829

$15,080 per year in proceeds. Given the amount of money attributed to Asefa and the alleged length of time of his involvement in the instant offense, April 2013 through November 1, 2022 (115 months), that amounts equate to $1,199.13 per month or $14,389.56 per year. That falls below the minimum threshold for the enhancement of $15,080 even before accounting for the time Asefa was incarcerated or out of the country. There is evidence that Asefa worked in part for his family's restaurants and the lack of evidence that he engaged in criminal activity as a livelihood based on an allocation of monies indicate that the two-level enhancement should not apply.

8. Asefa objects to ¶¶ 82-84 of the PSR and the application of a four-level enhancement for his role in the instant offense, pursuant to U.S.S.G. § 3B1.1(a). In order to prove an enhancement under U.S.S.G § 3 B1.1, the government must prove by a preponderance of evidence that the defendant exerted control, authority or influence over at least one participant of the criminal activity alleged. Additionally, to qualify for the enhancement, the defendant must have been the organizer or leader of one or more participants. The Court must consider the following factors to determine whether Teddy Asefa qualifies as a leader or organizer. Those factors are: (1) exercise of decision-making authority; (2) nature of the participation in the offense; (3) recruitment of accomplices; (4) claimed right to a larger share of proceeds; (5) degree of participation in planning or organizing the offense; (6) nature and scope of illegal activity; and (7) degree of control and authority over others. In general, a defendant must have exerted control over at least one individual within a criminal organization for the enhancement to be warranted.

In applying the above factors to the facts alleged in the presentence report, there was no evidence presented that Asefa caused his girlfriend to rent houses under a fictitious name or that he exercised or exerted control over anyone within the criminal organization. Asefa's girlfriend(s) were not alleged to be a part of any organization, or the Third World Mob and Asefa's brother was

found not guilty at trial for his alleged role in the organization. The testimony at trial may have indicated that Asefa was a part of the conspiracy, but no testimony was provided that he was in a leadership role or met any of the required factors. The PSR asserts in several places that Asefa took over leadership of the group upon the deaths of certain alleged 3WM members. However, these deaths occurred in 2021 when Asefa was in Africa or incarcerated.

9.  Asefa objects to ¶ 166 of the PSR. Based on the foregoing objections, his total offense level should be 27 and his guideline imprisonment range should be 120-150 months. Furthermore, as stated in the original Sentencing Memorandum, a criminal history category of V overstates Asefa's criminal history.

## **CONCLUSION**

For all the foregoing reasons, Asefa respectfully requests that the Court (1) impose a sentence below the lower end of the agreed upon sentencing range with credit for time served since his arrest; (2) recommend that any period of imprisonment be served at the Bureau of Prisons facilities in either Elkton, Ohio; Ashland , Kentucky; or Milan, Michigan; (3) find that a fine should not be imposed because of his limited financial resources; (4) that the Court impose a period of supervised release of five (5) years; and (5) that Asefa participate in the Residential Drug Abuse Treatment Program and any educational or vocational programs for which he is eligible.

Respectfully submitted,

/s/ John Kevin West
John Kevin West (OH Bar #0091520)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, Ohio 43215
(614) 458-9889 phone
(614) 221-0952 fax
kevin.west@steptoe-johnson.com

*Counsel for Defendant Teddy Asefa*

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on December 4, 2025, a true copy of the foregoing was filed with the Clerk of the Court by using the Court's electronic filing system, which will send a notice of electronic filing to all counsel of record.

/s/ John Kevin West
John Kevin West (OH Bar #0091520)
*Counsel for Defendant Teddy Asefa*

27684829